DECISION.
On August 7, 1975, Harold Redepenning entered pleas of no contest to charges of gross sexual imposition of a female under the age of thirteen, felonious assault and abduction. The trial court found Redepenning guilty of each charge and sentenced him to three to ten years' incarceration for the gross sexual imposition and abduction, and to five to fifteen years' incarceration for the felonious assault. The trial court made the prison term for gross sexual imposition consecutive to the terms for the remaining offenses.
On May 11, 1999, after a hearing pursuant to R.C. 2950.09(B), the trial court determined Redepenning to be a sexual predator. Redepenning appeals, assigning as error the trial court's denial of his "motion to dismiss the sexual predator classification hearing" and its determination that he is a sexual predator.
In his first assignment of error, Redepenning claims that the trial court violated his rights under Section 1, Article I, of the Ohio Constitution by subjecting him to a sexual-predator hearing pursuant to R.C. 2950.09.[1] That section of the constitution provides:
All men are, by nature, free and independent, and have certain inalienable rights, among which are those of enjoying and defending life and liberty, acquiring, possessing, and protecting property, and seeking and obtaining happiness and safety.
Two well-settled legal principles guide our analysis of Redepenning's constitutional argument. The first is that "statutes are presumed to be constitutional unless shown beyond a reasonable doubt to violate a constitutional provision."[2] The second cautions that the legislature is the primary judge of the needs of public welfare, and that a decision of the legislature should not be nullified except in the case of a clear violation of a state or federal constitutional provision.[3]
R.C. Chapter 2950 serves the purpose of protecting the general public from released sexual offenders. "In general, protection of the public is a paramount government function enforced through the police power."[4] Almost every exercise of the police power will necessarily interfere either with the enjoyment of liberty or with the acquisition, possession and production of property, within the meaning of Article I of the Ohio Constitution.[5] Nevertheless, an exercise of the police power having such an effect will be valid if (1) it bears a real and substantial relation to the public health, safety, morals or general welfare, and (2) it is not unreasonable or arbitrary.[6]
Redepenning concedes that R.C. Chapter 2950 satisfies the first part of the Benjamin test. His claim is that the statute fails the second part of the test. Relying on the Eleventh Appellate District's decision in State v. Williams,[7] Redepenning argues that the community-notification and address-verification requirements of R.C. Chapter 2950 constitute an unreasonable exercise of the police power because they interfere with his rights beyond necessity.
An exercise of police power is reasonable under the second prong of the Benjamin test where the exercise of power (1) is suitable to the end in view, (2) is impartial in operation and not unduly oppressive, (3) has a real and substantial relation to its purpose, and (4) does not interfere with private rights beyond the necessities of the situation.[8]
The Williams court held that the statute's community-notification requirements infringe on an offender's "right to remain undisturbed," on an offender's rights to acquire and protect his property, and on an offender's right to pursue happiness by being able to work freely.[9] The court also found that the statute's registration and address-verification requirements unreasonably interfered with an offender's liberty beyond the necessities of the situation.[10]
We respectfully disagree. As the Twelfth Appellate District has stated in State v. Dickens, "Although this issue was not addressed in Cook, we find that language in that decision strongly suggests that [R.C. Chapter 2950] is a reasonable exercise of the police powers, and that it is not in conflict with Article I, Section 1, of the Ohio Constitution."[11] We know of no other appellate district in the state that has followed the Williams decision. Instead, it appears that the courts that have dealt with this issue have expressly declined to follow Williams.[12]
The Ohio Supreme Court's comments in its unanimous decision inCook persuade us to conclude that R.C. Chapter 2950 is an exercise of the police power that is suitable to the end in view and has a real and substantial relation to its purpose. The statute's remedial purpose of protecting the community from sexual offenders is of paramount governmental interest, and it is implemented by the legislature's "narrowly tailored attack" on the problem.[13] Furthermore, the registration and address-verification intrusions of the statute are de minimis
administrative requirements that are necessary to achieve the goals of the statute.[14]
R.C. Chapter 2950 does not unduly burden an offender or interfere with an offender's rights beyond that which is necessary. Recognizing that dissemination of sexual-predator information is "obviously detrimental to the reputation of the defendant," the Ohio Supreme Court has said that "the importance of public access prevails over the detrimental effect that the release of the information may have on a defendant."[15]
This court is not blind to the effects of the notification provisions of R.C. Chapter 2950. Offenders may become ostracized from society and even experience harassment. However, "an allegation that government dissemination of information or government defamation has caused damage to reputation, even with all the attendant emotional anguish and social stigma, does not in itself state a cause of action for violation of a constitutional right; infringement of more `tangible interest' must be alleged as well." (Citation omitted). Borucki v. Ryan (C.A.1, 1987),827 F.2d 836, 842-843. Further, "the harsh consequences [of] classification and community notification * * * come not as a direct result of the sexual offender law, but instead as a direct societal consequence of [the offender's] past actions." State v.Lyttle, 1997 Ohio App. LEXIS 5705 (Dec. 22, 1997), Butler App. No. CA-97-03-060, unreported.
As to the dissemination of information regarding the offender's status, a conviction has always been public record. The General Assembly struck a balance between the privacy expectations of the offender and the paramount governmental interest in protecting members of the public from sex offenders.[16]
Therefore, we hold that R.C. Chapter 2950 is a reasonable exercise of the police power that does not violate Section 1, Article I, of the Ohio Constitution. Redepenning's first assignment of error is overruled.
In his second assignment of error, Redepenning contends that the trial court's determination that he is a sexual predator is against the manifest weight of the evidence. We disagree. As we stated in State v. Lance,[17] proceedings under R.C. 2950.09
are civil in nature and require the prosecution to prove by clear and convincing evidence that the offender is a sexual predator. The weight of the evidence is a matter for the trial court to decide, and when the trial court's determination is supported by competent evidence, this court will not disturb its decision.[18]
In this case, we cannot say that the sexual-predator adjudication was contrary to the weight of the evidence. At the sexual-predator hearing, the evidence presented to the trial court detailed Redepenning's attacks on young girls. The offenses for which he was convicted in this case occurred within a month's time in 1975, when Redepenning was twenty years old. The gross sexual imposition occurred when Redepenning stalked and fondled a ten-year-old girl. The felonious assault and abduction occurred when Redepenning forced a fifteen-year-old girl into a wooded area, tied her up, and beat her in the head and face with a rock.
Redepenning was sent to Longview State Hospital in 1967 after he molested a young girl. In 1973, Redepenning was convicted of assault on a minor. The same year, Redepenning received a dishonorable discharge from the Marines after he was charged with felonious assault. By his own admission at the sexual-predator hearing, Redepenning targeted adolescent females. Resultantly, we hold that the trial court had sufficient information before it to determine that Redepenning is a sexual predator pursuant to the standards of R.C. 2950.09, and we overrule his second assignment of error.
Therefore, the judgment of the trial court is affirmed.
Judgment affirmed.
 PAINTER, P.J., and SUNDERMANN, J., concur.
[1] In the first assignment of error, Redepenning also claims that R.C. Chapter 2950 violates the Fourteenth Amendment to the United States Constitution. However, since Redepenning fails to argue how his Fourteenth Amendment rights were violated, we decline to consider that argument here.
[2] Fabrey v. McDonald Police Dept. (1994), 70 Ohio St.3d 351,352, 639 N.E.2d 31, 33; see, also, State v. Cook (1998), 83 Ohio St.3d 404,409, 700 N.E.2d 570, 574.
[3] Williams v. Scudder (1921), 102 Ohio St. 305, 131 N.E. 481, syllabus.
[4] Cook, supra, at 421, 700 N.E.2d at 584, citing Miami Cty. v.Dayton (1915), 92 Ohio St. 215, 223-224, 110 N.E. 726, 729.
[5] Benjamin v. Columbus (1957), 167 Ohio St. 103, 110,146 N.E.2d 854, 860.
[6] Id.
[7] (Jan. 29, 1999), Lake App. No. 97-L-191, unreported, discretionary appeal granted (1999), 86 Ohio St.3d 1406,711 N.E.2d 233.
[8] Froelich v. Cleveland (1919), 99 Ohio St. 376, 391,124 N.E. 212, 216.
[9] State v. Williams, supra.
[10] Id.
[11] State v. Dickens (Aug. 2, 1999), Clermont App. No. CA98-09-075, unreported, certified conflict accepted (1999),87 Ohio St.3d 1463, 720 N.E.2d 544.
[12] See, e.g., State v. White (Nov. 5, 1999), Miami App. No. 98-CA-37, unreported (R.C. Chapter 2950 does not violate Section1, Article I, of the Ohio Constitution, but is violative of separation of powers); State v. Fisher (Sept. 2, 1999), Allen App. Nos. 1-99-23 and 1-99-24, unreported; State v. Milam (Sept. 29, 1999), Holmes App. No. 97CA585, unreported; State v. Woodburn
(Mar. 23, 1999), Columbiana App. No. 98 CO 6, unreported; Statev. Boyce (Mar. 11, 1999), Cuyahoga App. No. 73375, unreported;State v. Criss (Jan. 12, 2000), Summit App. No. 19298, unreported; State v. Lower (Sept. 9, 1999), Franklin App. No. 98AP-1275, unreported; State v. Dickens, supra. See, also,State v. Ward, (Jan. 28, 1999), Cuyahoga App. No. 72371, unreported.
[13] Cook, supra, at 417, 700 N.E.2d at 581.
[14] Id. at 412, 700 N.E.2d at 578.
[15] Id. at 419, 700 N.E.2d at 583.
[16] Id. at 413, 700 N.E.2d at 579.
[17] (Feb. 13, 1998), Hamilton App. Nos. C-970301, C-970282, and C-970283, unreported.
[18] See State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212, paragraph one of the syllabus; C.E. Morris Co. v. FoleyConstr. Co. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578.